## WATTERS v. LANFORD et al.

FISH, C. J. 1. "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Civil Code, § 5471.

2. Lanford brought a petition for interpleader against Andy Nolan and J. C. Watters. The petition alleged that Lanford was in possession of certain described jewelry which he held as a mere stakeholder, having no title or interest therein, and that his possession was acquired in the following way: Nolan reported to petitioner, who was chief of the detective force in the City of Atlanta, that Watters had cheated and defrauded Nolan out of the jewelry while the two were engaged in a game of chance commonly known as a "crap game." Petitioner thereupon had Watters arrested, and he turned the jewelry over to petitioner. Both Nolan and Watters claimed title to the jewelry, and both notified petitioner of their respective claims. Nolan sued out a possessory warrant for the jewelry against petitioner, and Watters had brought an action of trover and bail against petitioner for the jewelry. Petitioner was ready to deliver the jewelry to either Watters or Nolan, as the court might determine upon the trial under an interpleader. Upon the hearing, the evidence tended to prove the allegations of the petition. *Held*, that the court did not err in ordering Nolan and Watters to interplead, and in granting an interlocutory injunction restraining them from further proceeding with their respective actions against the petitioner.

3. Even if Nolan, under the facts of the case, could not maintain his possessory warrant, this of itself did not furnish a good reason why the interpleader should not have been granted; as Nolan might bring an action of trover against Lanford for the recovery of the jewelry, after failing in the possessory-warrant proceeding.

*Judgment affirmed. All the Justices concur.*
JULY 16, 1913.

Injunction and interpleader. Before Judge Ellis. Fulton superior court. January 31, 1913.

*Moore & Branch,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* and *Frank L. Haralson,* contra.